FILED
CHARLOTTE, NC

JAN 1 1 2021

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
MISCELLANEOUS ORDER 3:21 mc 0003

IN RE:

MANDATORY AND
DISCRETIONARY
CONDITIONS OF
PROBATION AND
SUPERVISED RELEASE

ORDER

THIS MATTER is before the Court to review the existing standard conditions of probation and supervised release in force in this District, as authorized by 18 U.S.C. 3563 and 3583, respectively, and to add to them certain conditions heretofore commonly imposed as mandatory and standard conditions, in order to promote uniformity and to expedite the sentencing process.

IT IS, THEREFORE, ORDERED that the following shall be imposed and are hereby deemed to be imposed as conditions of supervised release and probation for all such terms of supervised release and probation given on or after January 1, 2021, unless affirmatively omitted or altered by the presiding judge. Any reference in a Judgement or pronouncement of sentence to the Mandatory and Discretionary Conditions of Supervised Release as adopted in the Western District of North Carolina or the Mandatory and Discretionary Conditions of Probation as adopted in the Western District of North Carolina or the "Standard Conditions of Supervised Release as adopted in the Western District of North Carolina" or the "Standard Conditions of Probation as Adopted in the Western District of North Carolina" are hereby deemed to refer to and incorporate the following language:

**Mandatory Conditions:**

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court (unless omitted by the Court).

4. The defendant shall cooperate in the collection of DNA as directed by the probation officer (unless omitted by the Court).

**Discretionary Conditions:**

The Court, having considered and found each of the below to be reasonably related to the factors set forth in 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C) and (a)(2)(D), and involving no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. 3553(a)(2)(B), (a)(2)(C) and (a)(2)(D), and is consistent with policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a), the following shall be imposed and are hereby deemed to be imposed as conditions of supervised release and probation.

5. The defendant shall report to the probation office in the federal judicial district where he/she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

6. The defendant shall report to the probation officer in a manner and frequency as directed by the Court or probation officer.

7. The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer.

8. The defendant shall answer truthfully the questions asked by the probation officer.

9. The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives).

10. The defendant shall allow the probation officer to visit him/her at any time at his/her home or any other reasonable location as determined by the probation office, and shall permit the probation officer to take any items prohibited by the conditions of his/her supervision that the probation officer observes.

11. The defendant shall work full time (at least 30 hours per week) at lawful employment, unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment.

12. The defendant shall not communicate or interact with any persons he/she knows is engaged in criminal activity, and shall not communicate or interact with any person he/she knows to be convicted of a felony unless granted permission to do so by the probation officer.

13. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

14. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

15. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential informant without first getting the permission of the Court.

16. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk. The probation officer may contact the person and make such notifications or confirm that the defendant has notified the person about the risk.

17. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.

18. The defendant shall participate in a program of testing for substance abuse if directed to do so by the probation officer. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. If warranted, the defendant shall participate in in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court).

19. The defendant shall not go to, or remain at any place where he/she knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.

20. The defendant shall submit his/her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), or other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant based upon reasonable suspicion and/or with the consent of the defendant. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

21. The defendant shall pay any financial obligation imposed by this Judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release in accordance with the schedule of payments of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation.

22. The defendant shall provide access to any financial information as requested by the probation officer and shall authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

23. The defendant shall not seek any extension of credit (including, but not limited to, credit card account, bank loan, personal loan) unless authorized to do so in advance by the probation officer.

24. The defendant shall support all dependents including any dependent child, or any person the defendant has been court ordered to support.

25. The defendant shall participate in transitional support services (including cognitive behavioral treatment programs) and follow the rules and regulations of such program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer.

26. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

IT IS FURTHER ORDERED that the probation officer shall provide each defendant with a written statement that sets forth all conditions to which the sentence of probation or term of supervised release is subject, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required, as set forth in 18 U.S.C. 3583(d) and 3583(f), respectfully.

IT IS FURTHER ORDERED that this Order shall supersede any previous order of the Court establishing standard conditions of probation or supervised release.

THIS 1st day of January, 2021

_____
Martin Reidinger
Chief United States District Judge

_____
Frank D. Whitney
United States District Judge

_____
Robert J. Conrad, Jr.
United States District Judge

_____
Max O. Cogburn, Jr.
United States District Judge

_____
Kenneth D. Bell
United States District Judge

_____
Graham C. Mullen
Senior United States District Judge

_____
Richard L. Voorhees
Senior United States District Judge