FILED
CHARLOTTE, NC
September 30, 2021
U.S. District Court
Western District of N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTIUCT OF NORTH CAROLINA
MISCELLANEOUS ORDER 3:21-MC-0003

IN RE:


SPECIAL CONDITIONS
OF PROBATION AND
SUPERVISED RELEASE

_____

## ORDER

THIS MATTER is before the Court to review the existing special of probation and supervised release in force in this District, as authorized by 18 U.S.C. 3563 and 3583, respectively, and to add to them certain conditions heretofore commonly imposed, in order to promote uniformity and to expedite the sentencing process.

IT IS, THEREFORE, ORDERED that the following shall be imposed and are hereby deemed to be imposed as conditions of supervised release and probation for all such terms of supervised release and probation given on or after October 1, 2021, when referred to in the pronouncement of sentence are hereby deemed to refer to and incorporate the following language:


1. The defendant shall participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner.

2, The defendant shall not engage in an occupation, business, profession, or volunteer activity that would require or enable the defendant to _____ without the prior approval of the probation officer.

3. The defendant shall not communicate, or otherwise interact, with any known member of the _____gang, without first obtaining permission of the probation officer.

4. The defendant shall not communicate, otherwise interact, with _____ either directly or through someone else, without first obtaining the permission of the probation officer.

5. The defendant shall not enter [name of neighborhood. city. county. subdivision, park. or other geographic entity with clearly defined boundary] without first obtaining the permission of the probation officer.

6. The defendant shall not enter any [bar. tavern, etc.] without first obtaining the permission of the probation officer.

7. The defendant shall participate in a gambling addiction treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, and intensity).

8. The defendant shall not engage in any form of gambling (including, but not limited to, lotteries, on-line wagering, sports betting) and the defendant shall not enter any casino or other establishment where gambling is the primary purpose (including, but not limited to, horse race tracks, and off-track betting establishments).

9. The defendant shall complete _____ hours of community service. The probation officer will supervise the participation in the program (including, but not limited to, approving the program, agency, or location, and frequency of participation therein). The defendant shall provide written verification of the completed hours to the probation officer.

10. The defendant shall participate in any applicable educational services programs and follow the rules and regulations of such programs. Some programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve the defendant's proficiency in skills such as reading, writing, mathematics, or computer use.

11. The defendant shall participate in any applicable vocational services programs and follow the rules and regulations of such programs. Such a program may include job readiness training and skills development training.

12. The defendant shall submit to home detention, with location monitoring technology, for a period of _____ months and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence at all times

except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre- approved by the probation officer. The defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding," "Caller ID services," "call waiting," dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service.

13. The defendant shall submit to home incarceration, with location monitoring technology, for a period of __ months and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence 24 hours a day except for medical necessities and court appearances or other activities specifically approved by the Court. The defendant shall maintain a

    telephone at the defendant's place of residence without any "call forwarding", "Caller ID services," "call waiting" dial-up computer modems, 1- 800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service.

14. The defendant shall submit to curfew, with location monitoring technology, for a period of _____ months and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence between _____ and _____.

The defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding," "Caller ID services," "call waiting," dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service.

15. The defendant shall submit to location monitoring technology for a period of _____ months and comply with its requirements as directed.

16. The defendant is to pay the cost of the location monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the location monitoring shall be made in accordance with the probation officer's direction.

17. The defendant shall submit to a Residential Reentry Center for a period of not more than _____ months, with work release, at the direction of the U.S. Probation Officer. The defendant shall abide by all rules and regulations established by the facility until released.

18. The defendant shall serve a total of _____ days of intermittent confinement. The intermittent confinement shall be served for _____ consecutive (weekends or days) at a facility determined by the U.S. Bureau of Prisons beginning on a (day) at (time) and ending on (day) no later than (time). The defendant shall follow the rules and regulations of

the facility. The defendant shall submit to Stand Alone Location Monitoring with Global Positioning Satellite (GPS) monitoring and comply with its requirements as directed.

19. In accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq, the defendant, upon release from imprisonment, is to be surrendered to a duly-authorized immigration official for deportation. As a condition of supervised release, if ordered deported, the defendant shall remain outside the United States unless legally authorized to reenter. If deportation should not occur or if the defendant is allowed to reenter, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons or U.S. Immigration and Customs Enforcement Agency or return to the United States. As a further condition of supervised release, the defendant shall abide by all orders and directives of the United States immigration officials.

20. The defendant shall allow the U.S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on computers the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage.

21. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the probation officer with any and all passwords required to access data compressed or encrypted for storage by any software.

22. The defendant shall provide a complete record of all computer use information including, but not limited to, all passwords, internet service providers, email addresses, email accounts, screen names (past and present) to the probation officer and shall not make any changes without the prior approval of the U.S. Probation Officer.

23. The defendant shall not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256) or that would compromise the defendant's treatment.

24. The defendant shall not possess any children's items, including, but not limited to, clothing, toys, and games without permission of the U.S. Probation Officer.

25. The defendant shall provide access to any financial information as requested by the probation officer and shall authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

26. The defendant shall not seek any extension of credit (including, but not limited to, credit

card account, bank loan, personal loan) unless authorized to do so in advance by the probation officer.

27. The defendant cannot be employed in a position where he/she has access to other persons' personal information and/or documentation containing personal information, including social security numbers, dates of birth, addresses, and financial and/or credit card account numbers.

28. The defendant must use his/her true legal name, identifying information, and personal mailing address for any and all purposes.

29. The defendant must participate in an approved program for domestic violence.

The foregoing is adopted as the standard template of language to be used in the Western District of North Carolina when these conditions, or any of them, are imposed. Any of these may be modified in any individual case by the presiding judge at the imposition of sentence or by written modification.

This the __29__ day of September 2021.


Martin Reidinger
Chief U.S. District Judge

Robert J. Conrad, Jr.
U.S. District Judge

Frank D. Whitney
U.S. District Judge

Max O. Cogburn, Jr.
U.S. District Judge

Kenneth D. Bell
U.S. District Judge

Richard L. Voorhees
Senior U.S. District Judge

Graham C. Mullen
Senior U.S. District Judge